UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

H. THEODORE RYBERG,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

Case No. _____

## COMPLAINT

COMES NOW Plaintiff, H. Theodore Ryberg, by and through his attorneys of record, the Law Offices of Michael J. Schneider, P.C., and complains and alleges against Defendant as follows:

## I.
## PARTIES/JURISDICTION/VENUE

1. H. Theodore Ryberg, was, at all relevant times, a resident of Anchorage, Third Judicial District, State of Alaska. The incident complained of herein took place in said city, state and judicial district, and some or all of Mr. Ryberg's losses were incurred in the Third Judicial District.

2. State Farm Mutual Automobile Insurance Company (herein after "SF") is and was an automobile insurance company doing business throughout Alaska and is subject to service through the State of Alaska, Division of Insurance. SF sold Mr. Ryberg, as a named insured, its policy number 044 3373-C21-021 which provided, among other coverages, underinsured motorist coverage for bodily injury with a limit of $100,000.00 per person. This policy was sold in the Third Judicial District and is and was in effect at all relevant times.

3. As will more specifically be set forth below, Mr. Ryberg suffered bodily injury in a vehicle/pedestrian collision that took place April 13, 2012 in Anchorage, Alaska. The underlying case against the at-fault driver settled for the limits of that driver's liability coverage

on or about January 22, 2013 and under circumstances that triggered potential exposure of SF's UIM coverage under the subject policy.

4. State Farm, through its local claim representative, Jackie Jones, denied Mr. Ryberg's claim for UIM benefits by letter dated October 30, 2013.

5. This Court thus has jurisdiction pursuant to AS 09.05.015, AS 22.10.020, and/or AS 22.15.030, over the parties, the issues raised by this Complaint, and venue is proper in Anchorage, Third Judicial District, State of Alaska.

## II.
## FACTUAL ALLEGATIONS

6. On April 13, 2012, Mr. Ryberg, 85 years of age at the time, was taking his daily walk.

7. Mr. Ryberg was in the west crosswalk at the intersection of Northern Lights Blvd. and the New Seward Highway and was walking south across Northern Lights Blvd. He was on his way to the Sears Mall to mail some letters.

8. Mr. Ryberg was legally in the crosswalk as the pedestrian "walk" sign he was facing was illuminated.

9. At the same date and time, Marsha Dendy was operating a vehicle stopped immediately in front of the East/West crosswalk and in the western-most of the southbound lanes of New Seward Highway. She observed Mr. Ryberg cross the New Seward Highway from east to west in front of her before Mr. Ryberg began to cross Northern Lights southbound in its western crosswalk. She nevertheless proceeded to turn right, or Westbound, striking Mr. Ryberg and knocking him to the pavement.

10. A pickup truck behind Ms. Dendy's vehicle pulled around in front of Mr. Ryberg, its driver, Seth S. Matchian, helped Mr. Ryberg off the ground and retrieved Mr. Ryberg's glasses that had been knocked from his face to the roadway. The pickup truck driver, Mr. Matchian, opened the tailgate of his pickup and allowed Mr. Ryberg to sit there until medics and police arrived.

11. Mr. Ryberg sustained cuts and bruises and was confused and in shock that he had been hit, but declined transport to the hospital.

12. At the time, Mr. Ryberg suffered bruises and abrasions on both of his knees, his left heel, left shoulder, left elbow, the left side of his face, and the palms of both hands. He was unaware of the extent of his internal injuries.

13. Mr. Ryberg proceeded to mail letters at the Sears Mall post box and then walked to his home in the Woodside East subdivision. By the time he got to his home, his left knee was twice the size of his right knee and the intense pain prompted him to immediately go to the emergency room of the Alaska Regional Hospital. Complete x-rays of his knee and ankle were taken. He was advised to see an orthopedic physician.

14. On May 10, 2012, Mr. Ryberg went to the emergency room of Alaska Regional Hospital because of the sudden onset of an uncontrollable facial tic, presumably brought on by stress from the accident, that was diagnosed and treated by Nancy Kragt, D.O,, as Bell's palsy.

15. On or about April 19, 2012, Mr. Ryberg saw Dr. Tim Kavanaugh's PA, Rick Farrell. An examination was conducted and x-rays were taken. Dr. Eule reviewed the x-rays and in light of the swelling around Mr. Ryberg's left tibia, ordered a left knee MRI which was then performed.

16. On or about April 20, 2012, Mr. Ryberg returned to PA Farrell to review the MRI results. The MRI showed a left knee MCL tear, PCL tear, and ACL tear. It also revealed a tear of the lateral meniscus, patellar retinaculum, and a sprain of the patellar tendon. PA Farrell further noted that Mr. Ryberg had a near left knee dislocation based on the amount of injury to the left knee.

17. Upon consultation with Dr. Hall, PA Farrell and Dr. Hall decided to place Mr. Ryberg in a hinged knee brace and begin physical therapy.

18. Mr. Ryberg began physical therapy soon after this April 20, 2012 appointment and continued physical therapy through June 26, 2012 for a total of 23 therapy visits.

19. In July 2012, Mr. Ryberg was again seen by PA Farrell who warned Mr. Ryberg against rotation, rapid deceleration, and other things that could cause instability in his left knee.

20. In July 2012, Mr. Ryberg underwent a hip surgery that had been planned before he was struck in the intersection, but for which the need was sooner than would have been the case because of the injuries he suffered in this vehicle/pedestrian crash.

21. On October 10, 2012, Mr. Ryberg saw Dr. Stephen Tower (the surgeon who performed his hip replacement). Dr. Tower noted that Mr. Ryberg had atrophy in his left thigh and diagnosed a Baker's Cyst behind his left knee. The cyst was caused by injuries suffered in this vehicle/pedestrian crash. X-ray studies done at the time showed that Mr. Ryberg had no left knee arthritis, the only other reasonable explanation for the Baker's Cyst.

22. Dr. Tower recommended that Mr. Ryberg again attend physical therapy at Chugach Physical Therapy. Mr. Ryberg followed that recommendation and began attending at Chugach Physical Therapy in October 2012. Mr. Ryberg attended three visits and purchased a six month fitness pass at Chugach Fitness to follow up with the exercises he had been taught during his physical therapy.

23. Mr. Ryberg's left knee remains markedly swollen as compared to his right knee and he continues to experience pain and decreased function in that joint and in his left foot and ankle.

### III.
### MR. RYBERG'S HARMS AND LOSSES

24. Mr. Ryberg has suffered past and future harms and losses, in part described above, that were legally caused by the negligence of Ms. Dendy, as follows:

    a. Pain, suffering and anxiety

    b. Loss of enjoyment of life

    c. Disability

    d. Disfigurement

These damages will be proved with specificity at trial but are greater than $100,000.00.

## IV.
## CLAIMS AGAINST STATE FARM
### [Breach of Contract]

25. All prior paragraphs are realleged as if set forth in full.

26. State Farm breached its contract with Mr. Ryberg by wrongfully denying his claim for UIM benefits that were part of the contract of insurance between the parties.

27. Mr. Ryberg's harms and losses exceed any recovery for those harms and losses that he has enjoyed to date, and he is thus entitled to judgment against State Farm in an amount to be proved at trial, and subject to offsets as determined by the Court, but in the principal sum of at least $100,000.00 after those offsets.

## V.
## MISCELLANEOUS ALLEGATIONS

28. No individual or entity not now reflected in the caption hereof should be allocated a percentage of fault under AS 9.17.080 or otherwise.

29. Mr. Ryberg has, to the extent required by law, mitigated any harms or losses claimed by this complaint.

30. Mr. Ryberg should not be allocated a percentage of fault under AS 09.17.080 or otherwise for the events that injured him or any of the harms and losses sought by these pleadings.

31. Mr. Ryberg's harms and losses amounted to "severe permanent physical impairment or severe disfigurement[,]" under AS 09.17.010(c).

WHEREFORE, H. Theodore Ryberg prays for judgment against State Farm as follows:

1. For past and future special damages according to proof at trial.

2. For past and future general damages according to proof at trial, but greater than $100,000.00.

3. For such other and further relief as the Court deems appropriate under the circumstances.

DATED this 4th day of April, 2014.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

*[signature]*

Michael J. Schneider
Attorney for Plaintiff
Alaska Bar No.: 7510088

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201